I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 6/18/2010

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATALINA E. SANCHEZ, | Case No. CV 09-8920-SJO (RNB) |
| Plaintiff, | |
| vs. | ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed herein.[1] Having made a <u>de novo</u> determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge.[2]

---

[1] Plaintiff filed her original Objection to the Report and Recommendation on June 8, 2010. Then, on June 9, 2010, plaintiff filed a "First Ammended [sic] Objection" to the Report and Recommendation.

[2] The Court notes that, although plaintiff nowhere alleged in the (continued...)

1

IT THEREFORE IS ORDERED that (1) defendants' motion to dismiss for failure to state a claim is granted; (2) plaintiff's Fifth Amendment takings claim and her state law inverse condemnation claim are dismissed without leave to amend; (3) plaintiff's Fourth and Fourteenth Amendment claims are dismissed with leave to amend; (4) supplemental jurisdiction over plaintiff's mandamus claim is declined; and (5) if she still desires to pursue any of her Fourth and/or Fourteenth Amendment claims, plaintiff shall file a First Amended Complaint remedying the deficiencies of those claims as discussed in the Report and Recommendation within thirty (30) days of the service date of this Order.

DATED: 6/11/10

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

---

[2] (...continued)
Complaint that defendants' actions violated her double jeopardy rights under the Fifth Amendment, plaintiff did purport to quote the Fifth Amendment Double Jeopardy Clause in her objections. However, plaintiff's allegations are insufficient to state a double jeopardy claim. The Fifth Amendment guarantee against double jeopardy (which is enforceable against the States through the Fourteenth Amendment) consists of three separate constitutional protections: (1) a second criminal prosecution for the same offense after acquittal; (2) a second criminal prosecution for the same offense after conviction; and (3) multiple criminal punishments for the same offense. See Hudson v. United States, 522 U.S. 93, 98-99, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997) ("The Clause protects only against the imposition of multiple criminal punishments for the same offense."); Breed v. Jones, 421 U.S. 519, 528, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975) ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution."); North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), limited by Alabama v. Smith, 490 U.S. 794, 795, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989). Further, plaintiff's failure to state a double jeopardy claim against defendants is incapable of being cured by amendment.